## Huntley, Appellant, *v.* Barclay et al.

*Real estate—Grant by commonwealth—Re-survey after patent—Effect thereof.*

Where there are no intervening rights, a re-survey made by the order of the board of property, and returned to the surveyor general's office and accepted, although made several years after the patent issued, will be evidence of the conveyance by the commonwealth of the land omitted from the original survey but paid for at the time the patent issued and included in the re-survey, especially as against a subsequent warrant, survey and patent applied for more than twenty-one years after the acceptance of the re-survey.

Argued May 2, 1892. Appeal, No. 31, Jan. T., 1892, by plaintiff, Geo. W. Huntley, from judgment of C. P. Potter Co., June T., 1888, No. 302, on finding for defendants, Geo. A. Barclay et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Ejectment.

This case was referred for trial to OLMSTED, P. J., under the act of April 22, 1874. On the trial the following facts appeared: The tract in dispute was claimed by both plaintiff and defendants under warrants, surveys and patents from the commonwealth, the warrant of plaintiff bearing date March 24, 1886. In 1794 a block of warrants was surveyed to William Willink et al. These tracts included No. 4918 and were rectangular in form; the external lines and corners were clearly marked upon the ground and are yet to be found without difficulty. In 1851 Timothy Ives, under whom defendants claimed, obtained a warrant for 900 acres, which were stated, in his application and the warrant, to adjoin lot No. 4918. In 1851 the then surveyor "located" this warrant about 57 rods north of lot No. 4918; the intervening strip was the land in controversy; the surveyor, however, called for warrant No. 4918 as the south adjoiner of the Ives warrant. The patent to Ives in 1854 followed this survey, and showed that, according to it, the land granted was 990 acres, and that the extra amount had been paid for. In 1860 Ives obtained from the board of property an order of re-survey, alleging in his application that the surveyor had neglected to trace the lines and mark the same on the

ground and marking the corners. The re-survey was made the same year and accepted in 1861; it brought down the line of the Ives tract to the north line of 4918 and called for 990 acres.

The final finding of law was as follows:

"And I now, with great doubt and hesitation, hold as matter of law that the effect of the full payment to the commonwealth of the amount covered by the re-survey, together with the re-survey returned and accepted by the proper officers of the commonwealth, vested in Ives et al. title to the land otherwise vacant, down to the north line of warrant No. 4918, and that there was therefore no vacancy to be covered by the plaintiffs' warrant and survey. This results in a finding in favor of the defendants, and I now direct that a judgment be entered in favor of the defendants at the plaintiff's costs." [5]

*Error assigned* was, among others, (5) the final finding of law as above, quoting it.

*C. L. Peck*, with him *John H. Orvis*, for appellant.—The granting of the patent is the closing act in the transfer of titles from the commonwealth, to which surveys are but preparatory' steps. The re-survey, therefore, was a nullity.

They cited Simpson v. Wray, 7 S. & R. 335; Bryson v. Hower, 8 S. & R. 409; Norris v. Hamilton, 7 Watts, 91; Hagerty v. Mathers, 31 Pa. 348; Davis v. Butterbach, 2 Yeates, 211; Sabins v. McGhee, 36 Pa. 453; Thompson v. McFarland, 6 Pa. 478; Chew v. Morton, 10 Watts, 321.

*H. C. Dornan* of *Dornan & Peck*, with him *W. I. Lewis* and *Mann & Ormerod*, for appellees.—On the question of the re-survey, see: Deal v. McCormick, 3 S. & R. 343; Gratz v. Beates, 45 Pa. 496; Hubley v. White, 2 Yeates, 133; Bryson v. Hower, 8 S. & R. 409; Drinker v. Hunter, 2 Yeates, 129; Fritz v. Brandon, 78 Pa. 342; Cassidy v. Conway, 25 Pa. 240; Bellas v. Cleaver, 4 Wright, 260.

If, as decided in Ormsby v. Ihmsen, 34 Pa. 462, and Kelly v. Graham, 9 Watts, 116, the survey prevails over the patent in case of dispute, why should the existence of the patent interfere with the right of correction by re-survey?

We are entitled to the weight to be attached to the lapse of time in this case: Fritz v. Brandon, 78 Pa. 342, and cases cited.

PER CURIAM, May 23, 1892 :

We think the learned judge below was right in entering judgment in favor of the defendant. The main question in the case is as to the legal effect of the re-survey in 1860. This might have been a serious question if, in the meantime, an adverse title, either legal or equitable, had attached itself to the land described in the location by reason of Ives' first election. This, however, was not the case. Ives paid the commonwealth for the land, and it was conveyed to him by the proper officers of the commonwealth by warrant, survey, patent and re-survey to correct error in previous proceedings. The return of the re-survey was regularly accepted by the surveyor general, and all this time the title was in the commonwealth. It was not until many years afterwards that the plaintiff in this case, with notice of the matters above referred to, takes a warrant and survey for this same land. He has no standing to allege, because he had no interest in the property at that time, that the officers of the commonwealth exceeded their authority in ordering the re-survey. The owner of the warrant, having paid the state for the land mentioned in it, and the state having directed her agent, the deputy surveyor, to re-locate the land by a re-survey, which was done in due form, and the re-survey so returned having been accepted and approved by the surveyor general on behalf of the state, it is difficult to see how the state could have any right or claim to the land. " And if an individual, knowing the circumstances, as he must be presumed to do, will pay his money to the state for it again, how is it possible that he can claim to be placed in a better position than the state herself, or to acquire a right thereby which she had it not in her power fairly to give. According to every principle of common honesty and fair dealing between man and man, the first warrantee was entitled to have the land he paid for: " Bellas v. Levan, 4 Watts, 204.

Judgment affirmed.